**Richard S. KAYE, Plaintiff,**

v.

**PANTONE, INC. and Herbert Group, Inc., Defendants.**

**No. 77 Civ. 5000.**

United States District Court, S. D. New York.

Feb. 22, 1978.

658

John M. Burns, III, New York City, for plaintiff; Alan D. Fox, New York City, of counsel.

Silverman & Harnes, New York City, for defendant Pantone, Inc.

Bernstein & Obstfeld, P. C., New York City, for defendant Herbert Group, Inc.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is an action brought by an individual shareholder, Richard S. Kaye, against the company in which he holds stock, Pantone, Inc., a Delaware Corporation, and Herbert Group, Inc. ("HGI"), also a Delaware Corporation and majority shareholder in Pantone. Pantone and HGI merged in July 1977 pursuant to Delaware law and that merger gives rise to plaintiff's complaint. Plaintiff charges that defendants violated the Federal Securities Laws, § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a)[1] and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder. The alleged violation consists of defendants' failure to set forth material information in their notice, sent to shareholders following the merger, which would enable plaintiff to determine whether he should seek appraisal or accept the price offered for shares set forth in the notice. He also seeks to recover under Delaware Law for HGI's alleged breach of fiduciary duty to plaintiff. Plaintiff claims that the merger was effected solely to remove minority shareholders from participation in Pantone at a grossly inadequate price and served no legitimate business purpose. Jurisdiction over this claim is based upon diversity and the doctrine of pendant jurisdiction. Plaintiff seeks to nullify the merger, or alternatively, seeks an accounting of plaintiff's injury and damages.

Defendants now move, pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure to dismiss the complaint for failure to join indispensable parties. They also move pursuant to Rule 12(b)(6) to dismiss the claim predicated on alleged Securities Law violations for failure to state a claim upon which relief can be granted. They alternatively seek to stay all proceedings in this action pending the determination of appraisal proceedings brought by plaintiff in the Delaware Court of Chancery.

 Defendants urge me to dismiss this action in its entirety because plaintiff has allegedly failed to join parties in whose absence complete relief cannot be granted. These persons are the minority shareholders of Pantone other than plaintiff. Defendants suggest that because plaintiff seeks nullification of the Pantone HGI merger, the absent minority shareholders who would be affected by such nullification are indispensable parties. If the merger is nullified absent all the minority shareholders, Pantone argues that it will face "the substantial risk of incurring . . . multiple, or otherwise inconsistent obligations" F.R.Civ.P. Rule 19(a)(2), since some of the Pantone stockholders may refuse to tender the money they received in exchange for their shares. While defendants argue forcefully, their position ignores the fact that plaintiff has not sought nullification exclusively but has sought, in the alternative, an accounting and damages. In such a case a court may consider whether the alternative relief will interfere with the rights of absent interested persons. *See Silvers v. TTC Industries,* 395 F.Supp. 1312 (E.D.Tenn.1970), *aff'd* 513 F.2d 632 (6th Cir. 1975). Moreover, it is well settled that Rule 19 is a flexible rule which enables a court to employ pragmatic considerations in determining whether or not dismissal is in order. *See Provident Tradesmen Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Since it appears that I can shape relief so that prejudice to any absentee may be avoided, dismissal based upon Rule 19 would be inappropriate at this time.

---

1. Although no motion has been specifically directed at plaintiff's claim based upon alleged violations of the Securities Act of 1933, I note the inapplicability of that Act to the plaintiff herein. Section 17 of the 1933 Act protects against fraud in connection with the offer or sale of securities to the alleged aggrieved party. No action lies under this section where the alleged aggrieved party is the seller of the securities albeit a "forced" seller.

Defendants next contend that plaintiff's cause of action predicated on violations of Rule 10b–5 does not state a claim under that Rule. In so arguing, defendants rely on the decision of the United States Supreme Court in *Santa Fe Industries v. Green,* 430 U.S. 954, 97 S.Ct. 1597, 51 L.Ed.2d 803 (1977) which held that no cause of action exists for fraud under Rule 10b–5 where a merger is accomplished without any deception, misrepresentation or non-disclosure. In *Santa Fe,* minority stockholders brought an action in federal court seeking to set aside a merger accomplished pursuant to Delaware's "short-form merger" statute, § 253 of the Delaware Corporation Law. They alternatively sought to recover the fair value of their shares. Plaintiffs had been notified of the merger the day after it became effective and had received an information statement including relevant financial data about the merged corporation and the basis for the cash offer for outstanding stock. They contended, however, that a merger effected for the sole purpose of eliminating the minority shareholders, without any justifiable business purpose, violated the federal law. They further urged that the low value placed on the shares in the cash exchange offer constituted fraud actionable under Rule 10b–5. The Supreme Court rejected both these contentions and refused to extend the scope of § 10(b) beyond the language of the statute itself which makes actionable any "manipulative or deceptive device or contrivance in contravention of [the rules prescribed] for the protection of investors." 15 U.S.C. § 78j.

Defendants in the instant case attempt to equate the situation in *Santa Fe,* where no material misrepresentation or failure to disclose was alleged, with the case at bar where plaintiff clearly alleges that defendants knowingly failed to disclose full and complete financial information which would enable plaintiff to make an intelligent election whether to accept the cash exchange offer or to seek appraisal. *See* Complaint at ¶ 5 22–24; *S. E. C. v. Parklane Hosiery Co., Inc.,* 558 F.2d 1083 (2d Cir. 1977), and accordingly the decision in *Santa Fe* does not control this case.

■ Defendants have asserted a more compelling reason for dismissing the cause of action predicated on federal statutes: plaintiff has simply failed to allege the requisite loss to bring this action within the purview of the securities laws. Plaintiff's alleged injury is that he was prevented from making an intelligent election whether to accept the cash offer tendered by defendants or to seek appraisal under Delaware law. Since he chose appraisal, however, and the appraisal proceeding is now pending, I fail to perceive how he can prove any damages in the instant case which will not be remedied by Delaware appraisal proceeding. If after the appraisal it appears that plaintiff is entitled to more than is available to him under Delaware law, perhaps he will be able to allege a loss occasioned by defendants' alleged fraud. At this juncture, however, I find that he has not stated a claim under the federal securities laws. Accordingly, plaintiff's second cause of action must be dismissed. *See generally, Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 380–81 (2d Cir. 1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

■ There remains the question whether to stay plaintiff's state claim pending resolution of the Delaware appraisal proceeding. Since the appraisal, which determines the value of the stock might render the present action moot, and since, in any case, an assessment of the value of the stock bears directly on the issue of damages, I believe a stay of plaintiff's state claim is in order.

■ Based upon the foregoing, the motion to stay this action is granted. Defendants' motions to dismiss the cause of action based on Federal Securities law is also granted; however, plaintiff is accorded leave to replead so as to state a claim after the resolution of the Delaware action. Until that time the matter is placed on the Suspense Calendar. The parties are directed to apprise me of the outcome of the Delaware proceeding.

IT IS SO ORDERED.